STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Kibbe Zoning Permit | } | Docket No. 173-8-07 Vtec |
| (Appeal of Lamb) | } |  |
|  | } |  |

<u>Decision and Order on Motion to Dismiss</u>

Appellant George Lamb appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Weathersfield relating to Appellee-Applicants (Applicants) Chris and Gail Kibbe's application for a zoning permit to build a single-family residence. Appellant is represented by George T. McNaughton, Esq., Applicants are represented by Lawrence G. Slason, Esq., and the Town of Weathersfield is represented by J. Christopher Callahan, Esq.

Applicants have moved to dismiss the entire revised Statement of Questions, and hence the appeal, arguing that all the issues presented are beyond the scope of the ZBA proceeding from which the appeal was taken, and therefore are beyond the jurisdiction of the court. Because Applicants have filed attachments with their motion, it is treated as a motion for summary judgment. V.R.C.P. 12(b) (final sentence). The following facts are undisputed unless otherwise noted.

Appellant owns an approximately three-acre parcel of property located on the east[1] side of Skyline Drive. Appellant's property is bounded on its south (side) lot line by property unrelated to this litigation. It is bounded on its north (side) lot line and on its east (rear) lot line by Applicants' property.

---

[1] Directions in this decision are derived from the directional arrow on the 2002 Final Plat.

1

Applicants own a 17.68-acre L-shaped lot with frontage on Skyline Drive adjacent to Appellant's property. Applicants' lot was Lot 3 of a four-lot subdivision known as the Gosselin-Rodgers subdivision, of which Lots 2, 3, and 4 were proposed for residential development. The Gosselin-Rogers subdivision was approved by the Planning Commission in 2002; the final plat shows locations marked "proposed well," "proposed house," and "proposed septic" on each of Lots 2, 3, and 4. The 2002 Final Plat approval was not appealed and became final.

The 2002 Final Plat shows the proposed house sites and septic systems for each of the proposed lots as located approximately[2] five hundred feet back from the road in each instance. The proposed house site and septic system for Lot 3 are aligned approximately with the rear lot line of Appellant's property. The proposed septic system for Lot 3 is shown as located approximately 550 feet easterly of the road, and approximately 225 feet northerly of the northeast (rear) corner of Appellant's property.

In addition, the 2002 Final Plat shows the proposed driveway for Lot 3 as intersecting with Skyline Drive approximately 225 feet northerly of Appellant's property line and approximately 375 feet northerly of Appellant's own driveway. As of the date of the 2002 Final Plat, no driveway access permit for Lot 3 appears to have been applied for or obtained, as Applicants' own 2007 zoning permit application stated that a driveway access permit was then "pending."

In July of 2003, the State of Vermont Agency of Natural Resources, Department of Environmental Conservation, issued Wastewater System and Potable Water Supply Permit #WW-2-1577 (the 2003 State Wastewater Permit) for the Gosselin-Rodgers subdivision, approving the septic system designs on Lots 2, 3, and 4. No party appealed Wastewater Permit #WW-2-1577 and it became final.

---

[2] All measurements are estimated by scale from the respective plans.

The septic system design approved for Lot 3 is shown on a plan submitted with the application for the 2003 State Wastewater Permit, which shows only that portion of Lot 3 within approximately 250 feet easterly of Skyline Drive. The 2003 State Wastewater Permit plan approved a house site closer to Appellant's northerly (side) property line and closer to the road than in the 2002 Final Plat, and showed a driveway as intersecting with Skyline Drive farther from Appellant's driveway than shown on the 2002 Final Plat.

In the 2003 State Wastewater Permit, the proposed house site is shown as being located approximately 80 feet easterly of Skyline Drive and approximately 200 feet northerly of Appellant's northerly (side) property line. The primary mound for the septic system is shown as being located approximately 160 feet easterly of Skyline Drive and 150 feet northerly of Appellant's northerly property line; the replacement mound location is shown approximately the same distance back from the road but only approximately 60 feet northerly of Appellant's northerly (side) property line.

The parties have not brought to the attention of the Court any applications to amend the 2002 Final Plat to reflect any differences from the house site, driveway, or septic system locations approved in the 2003 State Wastewater Permit, Subdivision Regulations, §§ 420.10, 420.3; nor has the municipality or any interested person sought to enforce the decision of the Planning Commission in issuing the 2002 Final Plat. 24 V.S.A. § 4470(b).

Applicants purchased Lot 3 of the Gosselin-Rogers subdivision in April of 2006. The deed references both the 2002 Final Plat and the 2003 State Wastewater Permit.

In June of 2007, Applicants applied for a zoning permit to construct a single family dwelling and garage on Lot 3. Applicants claim that the residence and septic system are proposed to be constructed substantially in the location shown on the 2003 State Wastewater Permit plan. At the time of applying for the zoning permit, Applicants had applied for but had not yet then received a driveway access permit from the selectboard. Appellant's Questions 15 and 16 suggest that the selectboard issued the driveway access

3

permit in July of 2007.

The Land Use Administrator determined that the zoning permit application required referral for prior conditional use approval by the ZBA, due to the location of the proposed development on soils designated by the Natural Resources Conservation Service (formerly the Soils Conservation Service) as either "Prime" or "of Statewide Significance.[3]" Zoning Bylaws, § 6.10.7.

Applicants appealed the Land Use Administrator's decision to the ZBA. All that was before the ZBA in the appeal was the correctness of the Land Use Administrator's decision that § 6.10.7 was applicable, and the Land Use Administrator's consequent referral of the application for the ZBA's consideration of the merits of conditional use approval as required by § 6.10.7 (if that section were found to be applicable). Applicants retained a professional engineer to present topographical information to the ZBA, seeking to demonstrate that the application did not in fact fall within the ambit of § 6.10.7, rather than to present evidence to meet the criteria for conditional use approval.

Appellant participated in the proceedings before the ZBA. He asserted in his memoranda on the present motions that at the ZBA hearing he sought to raise issues about the discrepancies between the 2002 Final Plat and the proposed locations for the house, septic system and driveway on Lot 3. Appellant has not provided the minutes of the ZBA hearing, but states that he was "denied the opportunity" to raise those issues in the ZBA hearing.

In its decision, the ZBA concluded that the areas proposed for the location of the house and septic system were on land with an average slope of 19% to 21%, taking them out of the category of having statewide significance, so that § 6.10.7 was not applicable. As

---

[3] Both the box for "denied" and the box for "referred" [to the ZBA] were checked by the Zoning Administrator. The reason for referral was stated as: "Soils of statewide significance (Sect. 6.10.7)[.] Needs approval of ZBA[.]"

4

conditional use approval by the ZBA was therefore not required for the application, the ZBA reversed the Land Use Administrator's denial of the application. The ZBA's written decision does not direct or even refer to the Land Use Administrator's subsequent action on the zoning permit application. Appellant appealed that decision of the ZBA.

In the present appeal Appellant seeks to raise questions as to whether the house, driveway, septic system and well locations are in compliance with the locations approved in the 2002 Final Plat or in compliance with the 2003 State Wastewater Permit (Questions 1 through 9, 13, and 14), as well as the related evidentiary question of whether testimony should be allowed on those topics (Question 11). In Questions 15 and 16, Appellant seeks to challenge the driveway access permit on the same basis. Appellant also raises issues as to whether the proposed construction is in "an inappropriate soil location" (Question 10), and whether the proposed construction is "in violation of" the Town Plan. (Questions 12 and 17).

In this de novo proceeding, the Court sits in place of the ZBA to consider what was before the ZBA, applying the substantive standards that were applicable before the ZBA. V.R.E.C.P. 5(g); 10 V.S.A. § 8504(h). In the proceeding appealed from, the ZBA did not have before it whether the zoning permit application should be granted, as the Land Use Administrator had not yet reached or ruled on the merits of the zoning permit application. All that the Land Use Administrator had done was to rule that § 6.10.7 was applicable, and to refer the application to the ZBA for it to rule on the conditional use criteria under § 6.10.7. Such a ZBA referral was a prerequisite to the Land Use Administrator's authority to address the zoning permit application. The Land Use Administrator followed the correct procedure, as stated in § 9.2.6(2) of the Zoning Bylaws, which prohibits the Land Use Administrator from issuing a permit "for any use or structure which requires the approval of [the ZBA, Planning Commission or Selectboard] until such approval has been

5

obtained." See also § 9.2.4 (relating to "development requiring one or more approvals from [the ZBA or Planning Commission] prior to the issuance of a zoning permit") (emphasis added).

Thus in the present case, at the time the matter was appealed to the ZBA, the zoning permit had not been denied or granted on its merits by the Land Use Administrator, it had only been referred[4] to the ZBA so that the ZBA could do its work prior to the Land Use Administrator's taking further action on the permit application. All that could be before this Court in the present appeal is what the ZBA had before it in the decision appealed from, which was whether § 6.10.7 was applicable and, if applicable, whether the proposal met the conditional use criteria as required by § 6.10.7.

In the appeal now before this Court, Appellant has attempted not only to appeal the ZBA's overturning of the Land Use Administrator's denial of the application on the basis of the § 6.10.7 agricultural soils issue, but also to appeal directly to this Court what Appellant characterized in the Notice of Appeal as the later "consequent issuance of a building [zoning] permit for construction."

The only suggestion in the motion memoranda that a later zoning permit application was acted on by the Land Use Administrator subsequent to the ZBA decision is a reference on page 2 of Appellant's memorandum that a zoning permit was subsequently issued "marked '[p]ermit approval per Zoning Board decision 7/31/07'." Neither party has provided a copy of this issued zoning permit from which the Court could determine when it was issued. The quoted language suggests that it must have been issued by the Land Use

---

[4] The section of the zoning permit application form for the Land Use Administrator's explanation showed "reasons for referral;" it did not show reasons for denial. Unlike in the present case, if an applicant appeals a zoning administrator's permit denial on its merits to the ZBA, the ZBA has before it the merits of the zoning permit application, in which appeal an opponent of the application may argue additional grounds for the permit's denial.

6

Administrator no earlier than July 31, 2007.

No direct appeal is available to this Court from any action of the Land Use Administrator; such an appeal must first be made to the ZBA. 24 V.S.A. § 4465. Appellant has not provided the Court with any indication that the issuance of the zoning permit was appealed to the ZBA. No additional appeal from the ZBA has or has yet been filed with this Court.

Questions 1 through 9, Question 11, Question 13, and Question 14 all seek to raise issues relating to whether the proposed locations of the house, well, septic system and driveway are consistent with the 2002 Final Plat and/or with the 2003 State Wastewater Permit. None of those issues are properly before the Court as they were not within the scope of what was before the ZBA in the decision appealed from, and those questions must therefore be dismissed from the present appeal.

Questions 15 and 16 seek to challenge the driveway access permit presumably issued by the selectboard, also on the basis of discrepancies between the location of the proposed driveway as shown in the 2002 Final Plat and the 2003 State Wastewater Permit and whatever location was proposed in the application for the driveway access permit. There is no indication that any party appealed the selectboard's action in approving the driveway permit. Unless the driveway permit is incorporated in the zoning ordinance, an appeal of the selectboard's action on it would be to the superior court under V.R.C.P. 75, and not to this Court. Regardless of whether the driveway permit was not appealed at all or was appealed to superior court, the grant of the driveway permit is not before this Court in the present appeal. Questions 15 and 16 must therefore be dismissed from the present appeal.

Questions 12 and 17 seek to raise issues as to whether the proposed construction is "in violation of" the Town Plan. However, Appellant has not cited to any provision of the Zoning Bylaws that requires compliance with the Town Plan for a zoning permit for a

7

permitted use (as contrasted, for example, with projects that require site plan approval (§ 7.8, third sentence)).  Questions 12 and 17 must therefore be dismissed from the present appeal.

Question 10, relating to whether the proposed construction is "in an inappropriate soil location," is within the scope of the § 6.10.7 issue that was before the ZBA and is therefore properly before this Court in this appeal.


Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's motion to dismiss is DENIED as to Question 10 of the Statement of Questions and is GRANTED as to all the other questions in the Statement of Questions.  A telephone conference has been scheduled (see enclosed notice) to determine whether Appellant wishes to proceed in this appeal solely on Question 10 of the Statement of Questions, whether any other proceedings are anticipated to come before this Court in relation to this application, and to discuss mediation as contemplated in the telephone conference held in October of 2007.

Done at Berlin, Vermont, this 13th day of February, 2008.


_____
Merideth Wright
Environmental Judge